UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY ALTAMIRANO SERMENO,<br><br>Plaintiff,<br><br>v.<br><br>BUTTE COUNTY PROBATION DEPARTMENT,<br><br>Defendant. | No.  2:23-cv-02739 KJM AC PS<br><br><br><br>ORDER |

Plaintiff, proceeding pro se, filed the above-entitled action.  The matter was referred to a United States Magistrate Judge as provided by Local Rule 302(c)(21).

On March 25, 2024 the magistrate judge filed findings and recommendations, which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within 21 days.  ECF No. 5.  Plaintiff has not filed objections to the findings and recommendations.

The court presumes that any findings of fact are correct.  *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979).  The magistrate judge's conclusions of law are reviewed de novo.  *See Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) ("[D]eterminations of law by the magistrate judge are reviewed de novo by both the district court and [the appellate] court[.]").  Having reviewed the file, the court finds the findings and recommendations to be supported by the record and with further explanation.

1

In deciding to dismiss a case for failure to comply with a court order, the court considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (citation omitted); *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (same standard for dismissal based on failure to prosecute). The court has considered the factors and finds they weigh in favor of dismissal. First, plaintiff's failure to respond to the magistrate judge's order to show cause indicates plaintiff has abandoned this case and the court cannot wait indefinitely for plaintiff to respond. Second, plaintiff's lack of prosecution has delayed resolution of this case and the court cannot continue to expend scarce judicial resources on an abandoned case. Finally, less drastic alternatives are not available, and the magistrate judge warned plaintiff that failure to comply with the court's order could result in dismissal. In sum, given plaintiff's effective abandonment of this case and lack of response to court order, the court finds dismissal is proper.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed March 25, 2024, are adopted; and

2. This action is dismissed, without prejudice, for lack of prosecution and for failure to comply with the court's order. *See* Fed. R. Civ. P. 41(b); Local Rule 110.

DATED: August 16, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE

2